PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS



CP 12645
Hood Co.

IN THE UNITED STATES DISTRICT COURT

FOR THE __NORTHERN__ DISTRICT OF TEXAS

__FORT WORTH__ DIVISION

**FILED**
March 21, 2023
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

| | |
|---|---|
| __MORRIS LANDON JOHNSON__ | __TDCJ-CID COFFIELD UNIT__ |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| vs. | __01877943__ |
| | PRISONER ID NUMBER |
| __BOBBY LUMPKIN, DIRECTOR, TDCJ-CID__ | __4-23CV-283-O__ |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | (Supplied by the District Court Clerk) |

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check <u>all</u> that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☒ Other: <u>improper sentence execution</u> (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____
   
   355th District Court, Hood County, Texas

2. Date of judgment of conviction: September 17, 2014

3. Length of sentence: 40 years TDCJ-concurrent

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: Cause No. CR12645, Man. Del. of a c/s over 1gm under 4 grams

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)   ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6.  Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7.  Did you testify at trial?   ☒ Yes   ☐ No

8.  Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? Second District Court of Appeals at Fort Worth   Cause Number (if known): 02-14-00411-CR

    What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed

    What was the date of that decision? June 18, 2015

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: Unknown

    Result: refused

    Date of result: December 9, 2015   Cause Number (if known): PD-0911-15

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: N/A

    Date of result: N/A

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: Court of Criminal Appeals of Texas

    Nature of proceeding: Habeas Corpus Application

    Cause number (if known): WR-85, 192-03

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: March 22, 2017

Grounds raised: Ineffective assistance of counsel and jail time credit, others unknown

Date of final decision: March 22, 2017

What was the decision? Dismissed in part-denied in part

Name of court that issued the final decision: Court of Criminal Appeals

As to any second petition, application or motion, give the same information:

Name of court: Court of Criminal Appeals at Austin.

Nature of proceeding: State habeas Corpus

Cause number (if known): WR-85, 192-05

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:
December 20, 2022

Grounds raised: improper sentence execution

Date of final decision: January 25, 2023

What was the decision? Denied without written order

Name of court that issued the final decision: Court of Criminal Appeals

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: N/A

   (b) Give the date and length of the sentence to be served in the future: N/A

-4-

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No   N/A

**Parole Revocation:**

13. Date and location of your parole revocation: N/A

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No   N/A

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes   ☐ No   N/A

16. Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No   N/A

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    N/A

    Disciplinary case number: N/A

    What was the nature of the disciplinary charge against you?  N/A

18. Date you were found guilty of the disciplinary violation: N/A

    Did you lose previously earned good-time days?   ☐ Yes   ☐ No   N/A

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    N/A

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    N/A

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes   ☐ No   N/A

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: N/A

Date of Result: _N/A_

Step 2  Result: _N/A_

Date of Result: _N/A_

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** Petitioner was denied due process by TDCJ's failure to execute his sentences according to state law, the judgments, and the oral pronouncement.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner was convicted and sentenced to 10-years for drug possession in Cause No. CR13896 in Erath County, Texas. This sentence was ordered to run consecutive with a previous conviction for forgery (Cause No. CR 13895) in the same court. More than a year later he was convicted of drug delivery, cause N...See Page 6a...

B. **GROUND TWO:** _N/A_

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
   N/A

-6-

Cont'd From Page 6 ... No. CR12645, in Hood County, Texas and sentenced to serve forty years. This sentence was ordered to run concurrent. These are the sentences that were orally pronounced in court and reflected by the judgments as well as TDCJ records. There is no order executing a sentence with the last received, drug delivery case. On November 1, 2022, Petitioner was paroled according to system policy, on the forgery case and the delivery case. These sentences "caused to operate" and the possession case began making it run consecutive with the delivery case it was ordered to run concurrent with. This is in conflict with the oral pronouncements made by the courts, as shown in the judgments.

C. **GROUND THREE:** N/A

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

D. **GROUND FOUR:** N/A

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

21. Relief sought in this petition: Petitioner seeks for the cumulation order be found void as TDCJ has improperly executed Petitioner's possession case consecutive with his delivery case which it was not expressly ordered to run consecutive with. Or alternatively order the sentences be corrected as if they had been properly executed concurrent without bringing further harm to Petitioner.

-7-

22. Have you previously filed a federal habeas petition attacking the same conviction and also attacking the revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☐ No N/A

   If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

   No.

   If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No N/A

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
   ☐ Yes  ☒ No

   If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

   N/A

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☒ Yes  ☐ No

   If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. Separate federal habeas petition in this matter mailed to U.S.D.C. Fort Worth in Cause No. Cr13896.

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: Angie Hadley, P.O. Box 336, DeLeon, Tx. 76444

   (b) At arraignment and plea: Angie Hadley, Same address above

   (c) At trial: Angie Hadley, Same address above

   (d) At sentencing: Angie Hadley, same address above

   (e) On appeal: Unknown

   (f) In any post-conviction proceeding: Morris Landon Johnson, pro se litigant.

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

Morris Landon Johnson, pro se litigant.

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

The claim in this petition did not begin until Nov. 01, 2022. The day the delivery case "ceased to operate" and the possession case became improperly consecutive with it.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

N/A
_____
Signature of Attorney (if any)

N/A
_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

March 14th 2023 _____ (month, day, year).

Executed (signed) on March 14th 2023 _____ (date).

_____
Signature of Petitioner (required)

Petitioner's current address:  2661 FM 2054, Tennessee Colony, Texas 75884

Morris Landon Johnson II
TDC # 1877943 - Coffield Unit
2661 F.M. 2054
Tennessee Colony, TX 75884

To: Clerk of the Court
   U.S. District Court, Northern District, Ft Worth Div.
   501 W. 10th St.; Room 310
   Ft. Worth, TX 76102-3673

Re: Pet. for habeas Corpus x 2    Johnson v Lumpkin
1) Trial Cause # CR 13896 - Erath Co., TX
2) Trial Cause # CR 12645 - Hood Co. TX

Dear Clerk:
   Enclosed please find two Petitions for writ of habeas Corpus, 22.54, for the above trial court causes as well as a motion to suspend rules requiring multiple copies. Please file these and present them to the court As soon as possible The required $5.00 filing fee for each case is being sent by my brother, Scott Johnson, at the same time I am mailing these petitions.
   Thank you for your time and help.
                    Sincerely,

                    [signature]

                    Morris Landon Johnson II



Morris Landon Johnson II
TDCJ # 1811993 - Coffield Unit
2661 F.M. 2054
Tennessee Colony, TX 75884

LEGAL MAIL

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
Northern District; Fort Worth Division
501 W. 10th St.; Room 310
Fort Worth, TX 76102-3673

RECEIVED
MAR 21 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

